1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    ANDREA ANDERSON,                          Case No. 25-cv-03919-JSC

          Plaintiff,
8
                                               **ORDER GRANTING DEFENDANT'S**
9        v.                                    **MOTION TO DISMISS**

10   FEDERAL EXPRESS CORPORATION,              Re: Dkt. No. 7

11        Defendant.

12

United States District Court
Northern District of California

13          Andrea Anderson sued her former employer, Federal Express, in state court, and Federal

14   Express removed the action to federal court on diversity jurisdiction grounds. (Dkt. No. 1.)[1]

15   Now pending before the Court is Defendant's motion to dismiss. (Dkt. No. 7.)  After carefully

16   considering the parties' written submissions, the Court concludes oral argument is unnecessary,

17   *see* Civ. L.R. 7-1(b), VACATES the June 26, 2025 hearing, and GRANTS Defendant's motion.

18          To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must

19   allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

20   *Twombly*, 550 U.S. 544, 570 (2007).  The facial plausibility standard is not a "probability

21   requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully."

22   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  So, the complaint must contain more

23   than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a

24   cause of action." *Twombly*, 550 U.S. at 555-57.  "A claim has facial plausibility when the plaintiff

25   pleads factual content that allows the court to draw the reasonable inference that the defendant is

26   liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

27

28   [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the documents.

1    Plaintiff's complaint does not plead factual content "that allows the court to draw the

2  reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Indeed, it does

3  not plead *any* factual content; instead, it is replete with mere legal conclusions. The facts Plaintiff

4  refers to in her opposition are not alleged in her complaint. (*Compare* Dkt. No. 14 at 6; *with* Dkt.

5  No. 1-1 at 6-16.) So, the motion to dismiss is GRANTED.

6    Leave to amend is GRANTED to the extent Plaintiff has a good faith belief, consistent

7  with Federal Rules of Civil Procedure 11, to replead a claim alleged in the original complaint.

8  Plaintiff may not add claims not pled in the original complaint to any amended complaint without

9  further leave of court. The same is true for adding a named defendant. The amended complaint

10 shall be filed by **July 14, 2025**. The initial case management conference scheduled for August 7,

11 2025 is continued to October 15, 2025 at 2:00 p.m. via Zoom video. A joint case management

12 conference statement is due one week in advance.

13    This Order disposes of Docket No. 7.

14    **IT IS SO ORDERED.**

15 Dated: June 23, 2025

16

17

18 JACQUELINE SCOTT CORLEY
   United States District Judge

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California